## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| TIANJIN PORT FREE TRADE ZONE INTERNATIONAL TRADE SERVICE CO., LTD.<br><br>v.<br><br>TIANCHENG CHEMPHARM, INC. USA | Eastern District Court | Joanna Seybert |
| | **Date the Order or Judgment Appealed from was Entered on the Docket:**<br><br>May 30, 2018 | **District Court Docket No.:**<br><br>18-1918 |
| | **Date the Notice of Appeal was Filed:**<br><br>June 27, 2018 | **Is this a Cross Appeal?**<br><br>☐ Yes   ☑ No |

| **Attorney(s) for Appellant(s):**<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:     Address:     Telephone No.:     Fax No.:     E-mail:<br><br>Hui Chen     136-20 38th Ave., Suite 9E     718-463-2666  718-463-2555<br>hui.chen@alum.cardozo.yu.edu |
|---|---|

| **Attorney(s) for Appellee(s):**<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:     Address:     Telephone No.:     Fax No.:     E-mail:<br><br>Eric Brent Porter, Esq.<br>White & Williams LLP<br>7 Times Square, Suite 2900<br>New York, NY 10036 |
|---|---|

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages:<br><br>Not Applicable | Number of Exhibits Appended to Transcript:<br><br>Not Applicable | Has this matter been before this Circuit previously?  ☐ Yes  ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:     Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party      ☑ Diversity<br><br>☐ Federal question<br>(U.S. not a party)   ☐ Other (specify): ___ | ☐ Final Decision      ☑ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br><br>☐ Interlocutory Decision Appealable As of Right   ☐ Other (specify): ___ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

**1. Stage of Proceedings**
- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [✓] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [✓] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

**PART C: NATURE OF SUIT (Check as many as apply)**

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [✓] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright ☐ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [✓] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [✓] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?
- [ ] Yes  [✓] No

Will appeal raise a matter of first impression?
- [ ] Yes  [✓] No

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____  [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?  [ ] Yes  [✓] No

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?  [ ] Yes  [✓] No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |
| Date: | Signature of Counsel of Record: | | |

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the$505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM "A"**

**Description of the Nature of the Action**

Respondent challenges the order issued by Eastern District of New York on May 30, 2018. Respondent's position is that the Respondent was not provided with proper notice of the arbitration proceeding which was commenced by the Petitioner before China International Economic and Trade Arbitration Commission (CIETAC) on March 19, 2015.

Respondent also argues that the Respondent never entered into and executed the contract that the Arbitration award was granted.

Finally, Respondent seeks this court to deny the Petitioner's petition to confirm Arbitration Award.

**The District Court's Order**

The district court (1) denied Respondent's motion to dismiss the Arbitral Award; (2) granted Petitioner's petition to confirm Arbitration Award.

Specifically, the district court concluded that the Arbitration Award was rendered pursuant to procedures consistent with standards of due process. The district court rejected the Respondent's petition on the grounds that the arbitration proceedings was not properly served.

The district court concluded that the Respondent did not raise the issue of whether the Sales Contract is fraudulent to the arbitrators, therefore has forfeited the issue and cannot raise it

as a defense to the enforcement of the Arbitration Award. The district court denied the Respondent's motion to dismiss Petitioner's petition based on the foregoing conclusion.

The district court denied the Respondent's petition on the grounds that the Petitioner failed to fulfill its obligation to attempt to settle before commencing arbitration based on the Petitioner's reminding the Respondent to make payment.

The district court did not consider the new grounds for dismissal the Respondent raised in reply memorandum.

### Notice of Appeal and District Court Docket Sheet

Respondent provide the Notice of Appeal entered on June 27, 2018 and the District Court's docket sheet as Exhibits A and B, respectively.

### The May 30, 2018 District Court Order

Respondent provides the May 30, 2018 Memorandum and Order of United States District Court Eastern District of New York as Exhibit C.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

TIANJIN PORT FREE TRADE ZONE INTERNATIONAL
TRADE SERVICE CO., LTD.
38 Yuanchang Road
Comprehensive Bonded Area
Tianjin Airport Economic Area
Tianjin, China,

vs.

Docket No. 18-1918

TIANCHENG CHEMPHARM, INC. USA
855 Conklin Street, Suite S
Farmingdale, New York 11735

**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**
**ADDENDUM "B"**

This is an appeal from the district court's order dated May 30, 2018 (the "May Order") concerning TIANJIN PORT FREE TRADE ZONE INTERNATIONAL TRADE SERVICE CO., LTD. ("TIANJIN") and TIANCHENG CHEMPHARM, INC. USA ("TIANCHENG"), two entities in regards to an arbitration decision made by CIETAC on December 14, 2015.

**List of Proposed Issues and Applicable Standard of Review**

Issue 1: Whether the district court erred in granting TIANJIN's motion to confirm Arbitration Award when the Award is based on clearly erroneous that Tiancheng was not properly served, nor participated in the arbitration.

Standard of Review: The Second Circuit review de novo legal conclusions, including its interpretation of federal statutes and determinations regardless of commercial circumstances. Flexible Manuf. Sys. V. Super Products Corp., 86 F.3d 96, 100 (7th Cir. 1996)

The standard of clearly erroneous allows the court to apply its own interpretation of the fact when, based on the evidence as a whole, the appellate court positively determines that the trial

court's finding was mistaken or unreasonable. Ethyl Corp. v. EPA, 541 F.2d 1, 35 n.74 (D.C. Cir 1976)

Issue 2: Whether the district court erred by granting Arbitration Award while the Sales Contract is fraudulent.

Standard of Review: An award is arbitrary and capricious if a ground for the arbitrator's decision cannot be inferred from the facts of the case. Raiford v. Merril Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 1410, 1412 (11th Cir. 1990) (citing Siegel v. Titan Indus. Corp., 779 F.2d 891, 894 (2d. Cir 1985) (quoting Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1216 (2d Cir. 1972))

Issue 3: Whether the district court erred by granting the Arbitration Award based on TIANCHENG's failure to raise the defense during Arbitration procedure in which it did not participate.

Standard of Review: The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by: (i) corruption, fraud or misconduct in procuring the award; (ii) a valid agreement to arbitrate was not made. McKinney's CPLR § 7511

Issue 4: Whether the district court erred by failing to consider TIANCHENG's grounds for dismissal of the Arbitration Award, including that CIETAC is in collusion with TIANJIN and therefore the Arbitration Award shall be vacated.

Standard of Review: The grounds for vacatur are defined by statute and "CPLR 7511(1)(b) limits vacatur of an arbitrator's award to occasions involving fraud, corruption or bias of the arbitrator, or the arbitrator's violation of Article 75." Local 375 v. New York City Health and Hospitals Corp., 257 A.D.2d 530, 532, 685 N.Y.S.2d 29, 30 (1st Dep't 1999).

Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

File Number 2:17-cv-4130(JS)(AYS)

---

| | |
|---|---|
| TIANJIN PORT FREE TRADE ZONE INTERNATIONAL TRADE SERVICE CO., LTD.<br>38 Yuanchang Road<br>Comprehensive Bonded Area<br>Tianjin Airport Economic Area<br>Tianjin, China<br><br><div align="right">Petitioner,</div><br>v.<br><br>TIANCHENG CHEMPHARM, INC. USA<br>855 Conklin Street, Suite S<br>Farmingdale, New York 11735<br><br><div align="right">Respondent.</div> | NOTICE OF APPEAL |

---

Notice is hereby given that TIANCHENG CHEMPHARM, INC. USA, Respondent in the above-named case, hereby appeal to the United States Court of Appeals for the Second Circuit from an order denied Respondent's motion to dismiss the Arbitral Award entered in this action on the 30th day of May, 2018.


/s/ Hui Chen_____
Attorney for Respondent
136-20 38th Avenue, Suite 9E
Flushing, NY 11354

Exhibit B

Eastern District of New York - LIVE Database V6.2.3

# U.S. District Court
## Eastern District of New York (Central Islip)
## CIVIL DOCKET FOR CASE #: 2:17-cv-04130-JS-AYS

| | |
|---|---|
| Tianjin Port Free Trade Zone International Trade Service Co., Ltd. v. Tiancheng Chempharm, Inc. USA | Date Filed: 07/12/2017 |
| Assigned to: Judge Joanna Seybert | Jury Demand: None |
| Referred to: Magistrate Judge Anne Y. Shields | Nature of Suit: 896 Other Statutes: Arbitration |
| Demand: $480,000 | Jurisdiction: Federal Question |
| Cause: 09:1 U.S. Arbitration Act | |

**Petitioner**

| | | |
|---|---|---|
| **Tianjin Port Free Trade Zone International Trade Service Co., Ltd.** | represented by | **Eric Brent Porter** |
| | | White & Williams LLP |
| | | 7 Times Square, Suite 2900 |
| | | New York, NY 10036 |
| | | 212-714-3078 |
| | | Fax: 212-631-1250 |
| | | Email: portere@whiteandwilliams.com |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Respondent**

| | | |
|---|---|---|
| **Tiancheng Chempharm, Inc. USA** | represented by | **Hui Chen** |
| | | Law Offices of Hui Chen PC |
| | | 136-20 38th Ave Suite 9e |
| | | Flushing |
| | | Flushing, NY 11354 |
| | | UNITED STA |
| | | (718)463-2666 |
| | | Fax: (718)463-2555 |
| | | Email: hchen@yu.edu |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/12/2017 | 1 | PETITION re: Arbitration Award , filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. Was the Disclosure Statement on Civil Cover Sheet completed - Yes (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons, # 3 Exhibit A, # 4 Exhibit B) (Porter, Eric) (Main Document 1 replaced on 7/13/2017) (Rodin, Deanna). (Entered: 07/12/2017) |
| 07/12/2017 | | CIVIL CASE FILING FEE: $ 400, receipt number 0207-9672854 (Porter, Eric) (Entered: 07/12/2017) |
| 07/13/2017 | | Incorrect Document Entry Information. Replaced the main document in entry 1 with the Petition filed in entry 2 as the first was missing pages; then deleted the second entry as it was a duplicate document. (Rodin, Deanna) (Entered: 07/13/2017) |

| 07/13/2017 | 2 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (Rodin, Deanna) (Entered: 07/13/2017) |
|---|---|---|
| 07/13/2017 | | Case Assigned to Judge Leonard D. Wexler and Magistrate Judge Anne Y. Shields. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Rodin, Deanna) (Entered: 07/13/2017) |
| 07/13/2017 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (Rodin, Deanna) (Entered: 07/13/2017) |
| 07/13/2017 | 4 | Summons Issued as to Tiancheng Chempharm, Inc. USA. (Rodin, Deanna) (Entered: 07/13/2017) |
| 08/16/2017 | 5 | AFFIDAVIT of Service for Summons and Petition to Confirm Arbitration Award served on Tiancheng Chempharm, Inc. USA on July 19, 2017, filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd.. (Porter, Eric) (Entered: 08/16/2017) |
| 08/17/2017 | 6 | Request for Certificate of Default by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. (Porter, Eric) (Entered: 08/17/2017) |
| 08/17/2017 | 7 | AFFIDAVIT/AFFIRMATION re 6 Request for Certificate of Default *in Support of Request for Certificate of Default* by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. (Porter, Eric) (Entered: 08/17/2017) |
| 08/17/2017 | 8 | EXHIBIT *Proposed Certificate of Default* by Tianjin Port Free Trade Zone International Trade Service Co., Ltd.. Related document: 7 Affidavit filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd., 6 Request for Certificate of Default filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd.. (Porter, Eric) (Entered: 08/17/2017) |
| 08/21/2017 | | Case Ineligible for Arbitration (Credle, Rita) (Entered: 08/21/2017) |
| 08/23/2017 | 9 | Clerk's ENTRY OF DEFAULT: It appearing from the docket maintained in this action that respondent Tiancheng Chempharm, Inc. USA has failed to appear or otherwise defend this action, the default of respondent Tiancheng Chempharm, Inc. USA is hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (Toritto, Jim) **VACATED** *pursuant to 19 minute order of Judge Wexler. This entry has been modified on 11/15/2017 to indicate 9 has been vacated.* Modified on 11/15/2017 (Russo, Eric). (Entered: 08/23/2017) |
| 09/15/2017 | 10 | MOTION for Default Judgment by Tianjin Port Free Trade Zone International Trade Service Co., Ltd.. (Porter, Eric) (Entered: 09/15/2017) |
| 09/15/2017 | 11 | AFFIDAVIT/DECLARATION in Support re 10 MOTION for Default Judgment filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Porter, Eric) (Entered: 09/15/2017) |
| 09/15/2017 | 12 | AFFIDAVIT of Service for Motion for Default and Supporting Affirmation served on Respondent Tiancheng Chempharm, Inc. USA on September 15, 2017, filed by Tianjin |

| | | |
|---|---|---|
| | | Port Free Trade Zone International Trade Service Co., Ltd.. (Porter, Eric) (Entered: 09/15/2017) |
| 10/11/2017 | 13 | NOTICE of Appearance by Hui Chen on behalf of Tiancheng Chempharm, Inc. USA (aty to be noticed) (Chen, Hui) (Entered: 10/11/2017) |
| 10/19/2017 | 14 | First MOTION for Leave to File *Out of Time Response* by Tiancheng Chempharm, Inc. USA. (Chen, Hui) (Entered: 10/19/2017) |
| 10/19/2017 | 15 | Letter *Re: Factual Misrepresentation in Respondent's Motion* by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. (Porter, Eric) (Entered: 10/19/2017) |
| 10/20/2017 | 16 | First MOTION for Leave to File *Out of Time Response Amended* by Tiancheng Chempharm, Inc. USA. (Chen, Hui) (Entered: 10/20/2017) |
| 10/20/2017 | 17 | Letter *response to factual misrepresentation* by Tiancheng Chempharm, Inc. USA (Chen, Hui) (Entered: 10/20/2017) |
| 10/27/2017 | 18 | MEMORANDUM in Opposition re 16 First MOTION for Leave to File *Out of Time Response Amended* filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd.. (Porter, Eric) (Entered: 10/27/2017) |
| 11/02/2017 | | SCHEDULING ORDER re 18 Memorandum in Opposition filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd., 16 First MOTION for Leave to File *Out of Time Response Amended* filed by Tiancheng Chempharm, Inc. USA: A conference with respect to Defendant's request to vacate the Clerk's entry of default will be held on November 14, 2017 at 10:30 a.m. in Courtroom 940, Alfonse M. D'Amato U.S. Courthouse, Central Islip, New York. All counsel shall appear. So Ordered by Judge Leonard D. Wexler on 11/2/2017. (Minerva, Deanna) (Entered: 11/02/2017) |
| 11/14/2017 | 19 | Minute Order for proceedings held before Judge Leonard D. Wexler: Status Conference held on 11/14/2017. Clerk's Entry of Default (DE 9 ) is hereby vacated. Respondent's motions for leave to file their response (DE 14 and 16 ) are granted. Respondent is directed to file their response to the petition within 30 days. Petitioner's motion for default judgment (DE 10 ) is moot. (Court Reporter Perry Auerbach.) (Russo, Eric) (Main Document 19 replaced and docket text edited on 11/16/2017 to fix a clerical error. NEF regenerated.) (Russo, Eric) (Entered: 11/15/2017) |
| 12/06/2017 | 20 | Letter *Request for Premotion conference* by Tiancheng Chempharm, Inc. USA (Chen, Hui) (Entered: 12/06/2017) |
| 12/13/2017 | 21 | Letter *in Response to Respondent's Letter of December 6, 2017* by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. (Porter, Eric) (Entered: 12/13/2017) |
| 12/14/2017 | | SCHEDULING ORDER re 20 Letter filed by Tiancheng Chempharm, Inc. USA, 21 Letter filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd.: The Court waives its pre-motion conference requirement and grants Respondent leave to move to dismiss the Petition to Confirm an Arbitration Award. Counsel for the parties are directed to confer and to submit a proposed briefing schedule for Court approval within three (3) weeks. So Ordered by Judge Leonard D. Wexler on 12/14/2017. (Minerva, Deanna) (Entered: 12/14/2017) |
| 01/04/2018 | 22 | Letter *Proposed Schedule* by Tiancheng Chempharm, Inc. USA (Chen, Hui) (Entered: 01/04/2018) |
| 01/04/2018 | 23 | First MOTION to Dismiss Case as Frivolous by Tiancheng Chempharm, Inc. USA. Responses due by 2/2/2018 (Attachments: # 1 Notice of Motion, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D) (Chen, Hui) Note: This motion was reopened as of 2/23/2018 pursuant to the Court's bundling rule. (Russo, Eric). (Entered: 01/04/2018) |

| 01/08/2018 | | SCHEDULING ORDER re 22 Letter filed by Tiancheng Chempharm, Inc. USA: The parties' proposed briefing schedule is approved as follows: (1) Respondent shall serve, but not file, its motion on January 4, 2018; (2) Petitioner shall serve, but not file, its opposition on February 2, 2018; and (3) Respondent shall serve its reply, and each party shall electronically file their own motion papers on February 16, 2018. No motion papers shall be filed on ECF prior to February 16, 2018. As the moving party, Respondent shall provide chambers with a courtesy copy of then entire fully-briefed motion, including Petitioner's opposition, once the motion has been electronically filed. So Ordered by Judge Leonard D. Wexler on 1/8/2018. (Minerva, Deanna) (Entered: 01/08/2018) |
|---|---|---|
| 01/08/2018 | | ORDER denying 23 Motion to Dismiss Case as Frivolous: Respondent's motion is denied, without prejudice to renewal, for failure to comply with the Court's bundle rule, as set forth in the briefing schedule issued today. So Ordered by Judge Leonard D. Wexler on 1/8/2018. (Minerva, Deanna) (Entered: 01/08/2018) |
| 02/16/2018 | 24 | Letter *to Judge for Extension of Time* by Tiancheng Chempharm, Inc. USA (Chen, Hui) (Entered: 02/16/2018) |
| 02/21/2018 | | SCHEDULING ORDER re 24 Letter filed by Tiancheng Chempharm, Inc. USA: Respondent's reply shall be served and all motion papers shall be electronically filed on February 23, 2018. So Ordered by Judge Leonard D. Wexler on 2/21/2018. (Minerva, Deanna) (Entered: 02/21/2018) |
| 02/23/2018 | 25 | MEMORANDUM in Opposition re: 23 First MOTION to Dismiss Case as Frivolous filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd.. (Porter, Eric) Modified on 2/26/2018 to link the opposition to the appropriate motion. (Russo, Eric) (Entered: 02/23/2018) |
| 02/23/2018 | 26 | AFFIDAVIT/AFFIRMATION re 25 Memorandum in Opposition *to Respondent's Motion to Dismiss* by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Porter, Eric) (Entered: 02/23/2018) |
| 02/23/2018 | 27 | AFFIDAVIT/AFFIRMATION re 25 Memorandum in Opposition *to Respondent's Motion to Dismiss* by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Porter, Eric) (Entered: 02/23/2018) |
| 02/24/2018 | 28 | REPLY in Opposition re 26 Affidavit, 25 Memorandum in Opposition, 27 Affidavit *Memorandum* filed by Tiancheng Chempharm, Inc. USA. (Attachments: # 1 Affidavit Declarations and Exhibit) (Chen, Hui) (Entered: 02/24/2018) |
| 02/27/2018 | 29 | Letter *re: Respondent's Reply Papers* by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. (Porter, Eric) (Entered: 02/27/2018) |
| 03/01/2018 | 30 | Letter *Response Paper* by Tiancheng Chempharm, Inc. USA (Chen, Hui) (Entered: 03/01/2018) |
| 03/05/2018 | | SCHEDULING ORDER re 29 Letter filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd., 30 Letter filed by Tiancheng Chempharm, Inc. USA: Petitioner is granted permission to file a sur-reply within seven (7) days, not to exceed five (5) pages. So Ordered by Judge Leonard D. Wexler on 3/5/2018. (Minerva, Deanna) (Entered: 03/05/2018) |
| 03/12/2018 | 31 | REPLY in Opposition re 23 First MOTION to Dismiss Case as Frivolous *(Sur-Reply)* filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd.. (Porter, Eric) (Entered: 03/12/2018) |
| 04/05/2018 | | Case Reassigned to Judge Joanna Seybert. Judge Leonard D. Wexler no longer assigned to |

Case 18-1918, Document 21, 07/17/2018, 2346861, Page14 of 29

| | | the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Corsini, Alexander) (Entered: 04/05/2018) |
|---|---|---|
| 05/30/2018 | 32 | MEMORANDUM & ORDER denying 23 Motion to Dismiss Case as Frivolous; For the foregoing reasons, Respondent's motion to dismiss the Arbitral Award issued on December 14, 2015 (Docket Entry 23) is DENIED. Since Respondent cannot offer any viable defenses to enforcement of the Award, the Court hereby GRANTS Petitioner's Petition to Confirm Arbitration Award (Docket Entry 1). Petitioner is directed to submit a proposed judgment, consistent with the Award, within ten (10) days. So Ordered by Judge Joanna Seybert on 5/30/2018. C/ECF (Valle, Christine) (Main Document 32 replaced on 5/30/2018) (Valle, Christine). (Entered: 05/30/2018) |
| 06/07/2018 | 33 | Letter *Enclosing Proposed Judgment* by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Porter, Eric) (Entered: 06/07/2018) |
| 06/27/2018 | 34 | NOTICE OF APPEAL as to 32 Order on Motion to Dismiss Case as Frivolous,, by Tiancheng Chempharm, Inc. USA. Filing fee $ 505, receipt number 0207-10545487. Appeal Record due by 6/29/2018. (Chen, Hui) (Entered: 06/27/2018) |
| 07/11/2018 | | ELECTRONIC ORDER re 33 Letter filed by Tianjin Port Free Trade Zone International Trade Service Co., Ltd. On May 30, 2018, the Court granted Petitioner's petition to confirm the arbitration award (the "Award") and directed Petitioner to submit a proposed judgment "consistent with the Award" within ten days. On June 7, 2018, Petitioner submitted a proposed judgment that deviates from the Award in a number of respects. For example, the proposed judgment includes an award of $50,453 in interest, even though that interest is accounted for in the award of $575,904.89, and calculates interest from January 2, 2017 to June 8, 2018 on the principal amount of $575,904.89, even though the Award contemplates interest on the principal amount of $480,000. Additionally, the proposed judgment includes attorneys' fees and costs, which the Court will not award absent a motion on notice. In light of the above, Petitioner is directed to file a revised proposed judgment consistent with the Award that includes a breakdown of all interest calculations on or before July 18, 2018. To the extent Petitioner seeks an award of attorneys' fees and costs, it may do so by filing a motion on notice on or before August 13, 2018. Respondent's opposition to any such motion shall be filed on or before September 13, 2018, and Petitioner's reply, if any, shall be filed on or before September 27, 2018. Ordered by Judge Joanna Seybert on 7/11/2018. (Torreblanca, David) (Entered: 07/11/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/11/2018 23:37:45 | | | |
| **PACER Login:** | hchen5374:4031974:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:17-cv-04130-JS-AYS |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

Exhibit C

Case 18-1818, Document 21, 07/17/2018, 2346861, Page16 of 29

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
TIANJIN PORT FREE TRADE ZONE
INTERNATIONAL TRADE SERVICE CO., LTD.
38 Yuancheng Road
Comprehensive Bonded Area
Tianjin Airport Economic Area
Tianjin, China

                Petitioner,        <u>MEMORANDUM & ORDER</u>
                                         17-CV-4130 (JS)(AYS)

      -against-

TIANCHENG CHEMPHARM, INC. USA
855 Conklin Street, Suite S
Farmingdale, New York, 11735


                Respondent.
--------------------------------------X
APPEARANCES
For Petitioner:        Eric Brent Porter, Esq.
                    White & Williams LLP
                    7 Times Square, Suite 2900
                    New York, NY 10036

For Respondent:       Hui Chen, Esq.
                    Law Offices of Hui Chen PC
                    136-20 38th Avenue, Suite 9E
                    Flushing, NY 11354

SEYBERT, District Judge:

        Petitioner, Tianjin Port Free Trade Zone International

Trade Service Co., Ltd. ("Petitioner" or "Tianjin"), commenced

this action pursuant to the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 (the

"Convention") to confirm and enforce an arbitration award rendered

in China against Respondent, Tiancheng Chempharm, Inc. USA

("Respondent" or "Tiancheng"). (<u>See</u> Pet., Docket Entry 1.)

Currently pending before the Court is Respondent's motion to dismiss the Petition, which, although not directly stated by Respondent, the Court construes as being brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Resp't's Mot., Docket Entry 23-1.) For the reasons that follow, Respondent's motion is DENIED in its entirety.

<div align="center">BACKGROUND</div>

I. Factual Background[1]

Petitioner Tianjin is a Chinese company that engages in the sale of certain dietary supplements, including, among other things, creatine monohydrate, betaine anhydrous, and creatine HCL. (Pet. ¶¶ 1-2.) Tiancheng is a domestic corporation, organized under the laws of New York, with its principal place of business located in Farmingdale, New York. (Pet. ¶ 3.)

On December 16, 2013, Tianjin and Tiancheng entered into a Sales Contract, by which Tiancheng agreed to purchase 5,000 kg of creatine monohydrate, 4,000 kg of betaine anhydrous, and 9,000 kg of creatine HCL (collectively, the "Goods") from Tianjin, for the contract price of $480,000. (Pet. ¶¶ 8-9; Sales Cont. at 1; Award at 3.) Under the terms of the Sales Contract, payment was

---

[1] The facts stated herein are taken from the Petition, the Sales Contract entered into by the parties (see Sales Contract, Pet'r's Ex. A, Docket Entry 1-3), and the Arbitral Award rendered by the China International Economic and Trade Arbitration Commission ("CIETAC") on December 14, 2015 (see Award, Pet'r's Ex. B, Docket Entry 1-4).

due to Tianjin within ninety days.  (Pet. ¶ 10; Sales Contract at 1; Award at 3.)  Tianjin delivered the Goods in a timely manner and Tiancheng offered no objections to the quality of the Goods. (Pet. ¶¶ 11-12; Award at 3.)  Tiancheng, however, failed to remit the agreed upon payment of $480,000.  (Pet. ¶ 13; Award at 3.) Tianjin reminded Tiancheng of its payment obligation but Tiancheng avoided meeting with representatives of Tianjin and refused to submit the required payment.  (Award at 3.)

The Sales Contract between the parties contained the following arbitration clause:

> All disputes in connection with this contract or the execution thereof shall be amicably settled through negotiation.  In case no settlement can be reached between the two parties, . . . the case under dispute shall be submitted to China Economic and International Arbitration Commission for arbitration, in accordance with the commission's arbitration Rules in effect at the time of applying for arbitration [and] shall take place in Tianjin. The decision made by the Arbitration Commission shall be accepted as final and binding upon both parties.  The fee for arbitration shall be borne by the losing party unless otherwise awarded.

(Sales Contract at 2, ¶ 7.)  Having failed to receive payment from Tiancheng, Tianjin commenced an arbitration proceeding before CIETAC on March 19, 2015.  (Pet. ¶ 16.)

On May 13, 2015, CIETAC sent copies of the notice of arbitration, the Arbitration Rules, and a list of arbitrators to Tiancheng.  (Pet. ¶ 17.)  CIETAC confirmed that the documents were

3

duly served upon Tiancheng on May 18, 2015.  (Award at 1.)  On June 17, 2015, CIETAC sent a notice of fee payment to both Tianjin and Tiancheng via express mail service, which advised the parties of the relevant expenses to be paid for the arbitration proceeding. (Award at 1.)  CIETAC also sent the parties a notice of arbitral tribunal organization and a notice of session opening on July 14, 2015.  (Award at 1.)  The notice of fee payment, the notice of arbitral tribunal organization, and the notice of session opening sent to Tiancheng were all returned to CIETAC by the post office on the grounds that "the entity refused to accept the document as the recipient did not work here."  (Award at 1-2.)  As a result, Tianjin provided CIETAC with another address for Tiancheng.[2] (Award at 2.)  The foregoing documents were all sent to the new address provided for Tiancheng and CIETAC verified that the documents were duly served upon Tiancheng on September 4, 2015. (Award at 2.)

An arbitration hearing was held on October 15, 2015 in Beijing, China, at which time Tianjin presented evidence to support its claims and answered questions from the tribunal.  (Pet. ¶ 18; Award at 2.)  Tiancheng did not appear at the arbitration nor did

---

[2]  Although not specifically stated in the Award, the new address Tianjin provided CIETAC was the address listed for Tiancheng with the New York Secretary of State.  (Li Decl., Docket Entry 27, ¶¶ 8, 10; NYS Dep't of State Entity Info., Porter Decl. Ex. C, Docket Entry 26-3.)

it offer any reason for its nonappearance.  (Pet. ¶ 18; Award at 2.)

On October 20, 2015, CIETAC sent Tiancheng the materials submitted by Tianjin during the arbitration and advised Tiancheng that any objections must be submitted within a specified time period.  (Pet. ¶ 19; Award at 2.)  CIETAC verified that such documents were duly served upon Tiancheng on October 23, 2015.  (Award at 2.)  Tiancheng did not submit any objections.  (Pet. ¶ 19; Award at 2.)

CIETAC issued a written Arbitration Award on December 14, 2015, ordering Tiancheng to pay Tianjin the purchase price of the Goods of $480,000, as well as interest and the costs of the arbitration.  (Pet. ¶¶ 22-24; Award at 6.) Payment was to be made within twenty days of the Award.  (Pet. ¶ 25; Award at 6.)  To date, Tiancheng has not paid any portion of the Award.  (Pet. ¶ 26.)

On July 12, 2017, Tianjin commenced the within action to confirm the Award rendered by CIETAC.  (See Pet.)  Tiancheng failed to respond to the Petition or otherwise appear in this action and on August 23, 2017, the Clerk of the Court entered a notation of default against Tiancheng.  (See Clerk's Entry of Default, Docket Entry 9.)  Thereafter, Tianjin filed a motion for default judgment.  (See Pet'r's Default J. Mot., Docket Entry 10.)  While that motion was pending, Tiancheng filed a motion to vacate the Clerk's Entry

of Default and to allow Tiancheng to serve a response to the
Petition. (Resp't's Mot. for Leave to File Out of Time Resp.,
Docket Entry 14.)

The parties appeared before United States District Judge
Leonard D. Wexler, who was previously assigned to this action, on
November 14, 2017. (Nov. 14, 2017 Min. Order, Docket Entry 19.)
During that conference, Judge Wexler vacated the Clerk's Entry of
Default issued against Tiancheng, terminated Tianjin's motion for
a default judgment as moot, and directed Tiancheng to file its
response to the Petition within thirty days. (Nov. 14, 2017 Min.
Order.) Tiancheng thereafter sought leave to move to dismiss the
Petition, which Tianjin opposed. (See Docket Entries 20-21.) On
December 14, 2017 Judge Wexler set a briefing schedule, (see
Dec. 14, 2017 Elec. Scheduling Order), and Tiancheng's motion to
dismiss is now before the Court.

In its motion, Tiancheng raises three grounds for
dismissal: (1) it was never properly served during the underlying
arbitration proceeding; (2) the Sales Contract is a forgery; and
(3) Tianjin did not attempt to amicably settle the dispute prior
to commencing arbitration, as required under the Sales Contract.
(Resp't's Br., Docket Entry 23.) Tiancheng also requests
attorney's fees and costs, pursuant to Federal Rule of Civil
Procedure 54(d). (Resp't's Br. at 10-11.) Tianjin opposes
Tiancheng's motion in its entirety.

## DISCUSSION

I.  Legal Standard

"To survive a motion to dismiss [pursuant to Rule
12(b)(6)], a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible on
its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial
plausibility" is achieved when the "plaintiff pleads factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged."  Iqbal,
556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  As a general
rule, the court is required to accept as true all of the
allegations contained in the complaint, see Iqbal, 556 U.S. at
678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d
Cir. 2007), and to "draw all reasonable inferences in [Plaintiff's]
favor."  Bueno v. LR Credit 18, LLC, 269 F. Supp. 3d 16, 18
(E.D.N.Y. 2017) (quoting Johnson v. Rowley, 569 F.3d 40, 43 (2d
Cir. 2009) (per curiam).

However, "[t]hreadbare recitals of the elements of a cause of
action, supported by mere conclusory statements . . . are not
entitled to the assumption of truth."  Iqbal, 556 U.S. at 678-79
(citation omitted); see also Twombly, 555 U.S. at 555 (stating
that the court is "not bound to accept as true a legal conclusion
couched as a factual allegation").  "While legal conclusions can

7

provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. <u>Iqbal</u>, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. <u>Id.</u> at 678 (quoting <u>Twombly</u>, 555 U.S. at 557).

## II. <u>Enforcing Foreign Arbitral Awards Pursuant to the Convention</u>

"Countries that are parties to the Convention, including the United States and China, agree to recognize each other's arbitral awards and to enforce them in accord with the rules of procedure of the place where the award is relied upon." <u>Jiangsu Changlong Chem., Co., Inc. v. Burlington Bio-Medical & Sci. Corp.</u>, 399 F. Supp. 2d 165, 168 (E.D.N.Y. 2005) (citing <u>Geotech Lizenz AG v. Evergreen Sys., Inc.</u>, 697 F. Supp. 1248, 1252 (E.D.N.Y. 1988)). "'A district court's review of an arbitration award is extremely deferential,' and '[s]uch deference is particularly appropriate with respect to foreign arbitration awards.'" <u>OOO FC Grand Cap. v. Int'l Pharm. Servs. Ltd.</u>, No. 16-CV-6156, 2017 WL 8813135, at *5 (E.D.N.Y. Dec. 15, 2017) <u>R&R adopted</u>, 2018 WL 879027, at *1 (E.D.N.Y. Feb. 14, 2018) (quoting <u>Korean Trade Ins. Corp. v. Eat It Corp.</u>, No. 14-CV-3456, 2015 WL 1247053, at *4 (E.D.N.Y. Mar. 16, 2015)) (alteration in original). Confirmation of a foreign arbitral award is considered a "summary proceeding," which "merely converts what is already a final decision into a judgment of a

8

court." <u>Jiangsu</u>, 399 F. Supp. 2d at 168 (internal quotation marks and citation omitted).

    To obtain enforcement of a foreign arbitral award, the party seeking enforcement "need only submit an authentic copy of the award, the agreement to arbitrate and, if the award is in a language other than English, a duly certified translation." <u>Id.</u> (citing Convention, Art. IV). Once the Petitioner submits these materials, the burden shifts to the Respondent to demonstrate that "one of the circumstances warranting denial of enforcement, as set forth in the Convention, is present." <u>Jiangsu</u>, 399 F. Supp. 2d at 168 (citing <u>Montauk Oil Transp. Corp. v. Steamship Mut. Underwriting Assoc. (Bermuda) Ltd.</u>, No. 90-CV-3792, 1995 WL 361303, at *1 (S.D.N.Y. June 16, 1995), <u>aff'd</u>, 79 F.3d 295 (2d Cir. 1996)). Such circumstances are limited, however, and, "in view of the strong public policy favoring arbitration, are to be narrowly construed." <u>Jiangsu</u>, 399 F. Supp. 2d at 168 (citing <u>Geotech</u>, 697 F. Supp. at 1252).

III. <u>Tiancheng's Grounds for Denying Enforcement</u>

    As stated <u>supra</u>, Tiancheng offers three arguments for why the Award should not be enforced: (1) it was not provided with proper notice of the underlying arbitration proceeding; (2) the Sales Contract is a forgery; and (3) Tianjin did not fulfill its

obligation under the Sales Contract to try and amicably resolve
its dispute with Tiancheng before commencing arbitration.[3]

    A.   <u>Failure to Provide Proper Notice</u>

        Article V(1)(b) of the Convention provides that a party
resisting confirmation of an arbitration award must demonstrate
that it was "not given proper notice" of the arbitration or was
"otherwise unable to present his case." Convention, Art. V(1)(b).
"[A] party seeking to avoid confirmation of an arbitral award on
the basis of Article V(1)(b) must demonstrate that the award was
rendered pursuant to procedures inconsistent with the forum
state's standards of due process." <u>Sonera Holding B.V. v. Cukurova
Holding A.S.</u>, 895 F. Supp. 2d 513, 521 (S.D.N.Y. 2012) (citing
<u>Iran Aircraft Indus. v. Avco Corp.</u>, 980 F.2d 141, 145 (2d Cir.
1992), <u>rev'd on other grounds</u>, 750 F.3d 221 (2d Cir. 2014)).  To
satisfy the requirements of due process, parties to an arbitration
"must be given 'notice reasonably calculated' to inform them of
the proceedings and 'an opportunity to be heard.'" <u>Jiangsu</u>, 399
F. Supp. 2d at 168 (quoting <u>Anhui Provincial Imp. and Exp. Corp.</u>

_____

[3] The Court notes that the second and third arguments offered by
Tiancheng are quite inconsistent.  While Tiancheng first argues
that the Sales Contract is a forgery, it then goes on to assert
that Tianjin failed to fulfill its obligation under the
purportedly fraudulent Sales Contract to amicably settle any
dispute prior to commencing arbitration.  The Court finds it
difficult to reconcile such opposing arguments.  (Resp't's Br.
at 3-6, 9-10.)

v. Hart Enters. Int'l, Inc., No. 96-CV-0128, 1996 WL 229872, at *3
(S.D.N.Y. May 7, 1996)).

        The Court is satisfied that CIETAC provided Tiancheng
with the opportunity to participate in the arbitration in a
meaningful manner.  As the Award sets forth, notice of the
arbitration and all documents were provided to Tiancheng at the
address listed in the Sales Contract.  When some--not all--of the
documents were later returned to CIETAC, Tianjin provided the
address listed with the New York Secretary of State for Tiancheng
and the documents were again sent to Tiancheng at that address.
Those documents were not returned and CIETAC verified that the
documents were duly served on Tiancheng.  (Award at 2.)  Tiancheng
simply chose not to participate in the arbitration proceedings.

    Based on the foregoing, the Court concludes that the Award
was rendered pursuant to procedures consistent with this forum's
standards of due process.  Accordingly, Tiancheng's motion to
dismiss Tianjin's Petition on the grounds that it did not receive
proper notice of the underlying arbitration proceedings is denied.

    B.   The Validity of the Sales Contract

        In support of its motion, Tiancheng also argues that the
underlying Sales Contract is a forgery, and therefore void.
(Resp't's Br. at 3-6.)  As the Second Circuit has held, "the issue
of whether the underlying contract that is the subject of the
arbitrated dispute was forged or fraudulently induced [is] a matter

to be determined exclusively by the arbitrators." Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 315 (2d Cir. 1998) (collecting cases). If the party resisting confirmation of the arbitration award "failed to raise the issue of the forged . . . agreement to the arbitrators, the issue is forfeited." Id. (citing Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731, 990 F.2d 957, 960 (7th Cir. 1993)). Moreover, if the party resisting confirmation of the arbitration award "did raise the issue to the arbitrators, it cannot seek to relitigate the matter here." Id. (citing Barbier v. Shearson Lehman Hutton Inc., 948 F.2d 117, 120-21 (2d Cir. 1991)) (additional citations omitted).

Here, Tiancheng did not participate in the underlying arbitration before CIETAC. Accordingly, it did not raise the issue of whether the Sales Contract is fraudulent to the arbitrators, as it was required to do at that time. As such, Tiancheng has forfeited the issue and cannot raise it here as a defense to enforcement of the Award. Tiancheng's motion to dismiss Tianjin's Petition on the grounds that the underlying Sales Contract is a forgery is therefore DENIED.

C. The Parties' Obligation to Attempt to Settle

Notwithstanding the fact that Tiancheng asserts that the Sales Contract is fraudulent, its final argument in support of dismissal is that Tianjin failed to comply with its obligation in the Sales Contract to "amicably settle[ ]" any disputes through

negotiation before resorting to arbitration. (Resp't's Br. 9; Sales Contract at 2, ¶ 7.) However, in the Award, CIETAC specifically found that, prior to commencing arbitration, Tianjin "reminded [Tiancheng] to make payment, but the person-in-charge of [Tiancheng] avoided meeting the representatives of [Tianjin] and refused to fulfill the payment obligations under the Contract." (Award at 3.) Accordingly, as the arbitration panel found, Tianjin did attempt to settle its dispute with Tiancheng before commencing arbitration. Tiancheng, however, failed to cooperate. Tiancheng's motion to dismiss Tianjin's Petition on the grounds that Tianjin failed to fulfill its obligation to attempt to settle before commencing arbitration is therefore DENIED.

    D.   <u>Additional Grounds for Dismissal</u>

        In its reply memorandum, Tiancheng raises a number of new grounds for dismissal for the very first time, including that CIETAC is in collusion with Tianjin and "cannot be trusted." (Resp't's Reply Br., Docket Entry 28, at 5-7.) Putting aside the incredulity of Tiancheng's argument, it is black letter law that "'[a]rguments may not be made for the first time in a reply brief.'" <u>Zirogiannis v. Seterus, Inc.</u>, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016) (quoting <u>Knipe v. Skinner</u>, 999 F.2d 708, 711 (2d Cir. 1993) (alteration in original). Accordingly, "'[n]ew arguments first raised in reply papers in support of a motion will not be considered.'" <u>Zirogiannis</u>, 221 F. Supp. 3d at 298 (quoting

13

Domino Media Inc. v. Kranis, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998)).

E.   Attorney's Fees and Costs

Based on the foregoing, the Court finds none of the grounds for dismissal raised by Tiancheng to have any merit. Accordingly, there is no need to consider Tiancheng's request for attorney's fees and costs.

CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the Arbitral Award issued on December 14, 2015 (Docket Entry 23) is DENIED.  Since Respondent cannot offer any viable defenses to enforcement of the Award, the Court hereby GRANTS Petitioner's Petition to Confirm Arbitration Award (Docket Entry 1).  Petitioner is directed to submit a proposed judgment, consistent with the Award, within ten (10) days.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    May   30  , 2018
          Central Islip, New York

14